JOE CODY v. THE STATE.

No. 14794. Delivered January 27, 1932.
Rehearing Denied March 2, 1932.

The opinion states the case.

*Jas. A. Harley* and *J. W. Gaines,* both of San Antonio, for appellant.

*J. Turner Vance,* of Refugio, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—The offense is injury to a fence as denounced by article 1350, P. C., 1925; penalty assessed at a fine of $50.

It is charged that the fence of W. L. Rea was pulled down and injured by the appellant.

The statement of facts was signed by the attorneys and by the trial judge on the 21st day of August, 1931. There are no indorsements showing the date of its filing. The judgment bears the date of May 19, 1931. Notice of appeal was given at that time. We have observed no extension of the time within which to file the statement of facts. The time allowed by law is not exceeding thirty days after notice of appeal.

A written charge was given by the court to the jury.

There are some exceptions filed; also some requested charges which were refused. Without a statement of facts which we would be authorized to consider, any complaints of the charge of the court or of the refusal of special charges cannot be appraised by this court. None of them are so drawn or contain matter, which, in the absence of a statement of facts, show error. As the record is before us, no error is presented which would authorize a reversal.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—In our original opinion we did not discuss appellant's complaint based on the fact that the information was signed by the district attorney. This complaint is renewed, and the point is made that an information can only be signed by the county attorney. It is specifically provided in articles 28, 29 and 30 of our Code of Criminal Procedure that whenever complaints are made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing, have it signed and sworn to, and if same be a misdemeanor, he shall forthwith prepare an information based upon such complaint and file the same in the court having jurisdiction. For the purpose mentioned either the district or county attorney is expressly authorized to administer oaths. Article 413, C. C. P., also in terms provides for an information to be filed and presented "by the district or county attorney," etc. We regret our inability to agree with appellant's contention that the district attorney is forbidden by the Constitution to sign and file an information in the county court of any county in his district. The contention seems directly contrary to the statutes, and we are of opinion the statutes are constitutional.

The motion for rehearing will be overruled.

*Overruled.*

Morrow, P. J., absent.